UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CECIL L. BELIN, ET AL.** | * | **CIVIL ACTION NO. 11-0215** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **INTERNATIONAL PAPER CO.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss [doc. # 6] filed by defendant International Paper Company ("IP"). The motion is unopposed.[1] For reasons explained below, it is recommended that the motion to dismiss be **GRANTED in part and otherwise DENIED, as moot**.

One of the arguments raised by IP in support of its motion to dismiss is that the instant suit, *Belin v. International Paper Co.*, in combination with *Evans v. International Paper Co.*, Civil Action No. 11-0214 (W.D. La.) ("*Evans II*") and *Ackers v. International Paper Co.*, Civil Action No. 11-0216 (W.D. La.) are duplicative of an earlier filed case pending before this court, *Evans v. International Paper Co.*, Civil Action No. 10-1916 (W.D. La.) ("*Evans I*"), which involves identical parties and the same cause of action. Indeed, last month, this court remarked that because plaintiffs unabashedly filed *Evans II, Belin*, and *Ackers* in an effort to circumvent the federal subject matter jurisdiction enjoyed by *Evans I*, these latter-filed cases are now superfluous and duplicative, and subject to dismissal as such. (June 27, 2011, Mem. Ruling

---

[1] The briefing deadline has lapsed, with no response from plaintiffs. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 7]).

(citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)); *see also, Walker v. United States*, 298 Fed. Appx. 383 (5th Cir. Nov. 3, 2008) (unpubl.). Since then, plaintiffs have represented to the court that they intend to voluntarily dismiss the instant action,[2] thus implicitly conceding the redundancy of this proceeding.

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 6] filed by defendant International Paper Company be **GRANTED IN PART**, and that the instant complaint be dismissed, in its entirety, without prejudice to plaintiffs' prosecution of Civil Action Number 10-1916. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss [doc. # 6] otherwise be **DENIED**, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[2] Parties' Joint Response to Show Cause Order [doc. # 39] in C.A. No. 10-1916. Thus far, however, plaintiffs have not filed a motion to voluntarily dismiss the case.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 21st day of July 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE